UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REEM MOHAMED,<br><br>                              Plaintiff,<br>v.<br>SEA WORLD, LLC,<br><br>                             Defendant. | Case No.: 17-cv-928 CAB (JLB)<br><br>**ORDER: (1) GRANTING IN PART AND DENYING IN PART THE PARTIES' JOINT MOTION TO CONTINUE PRETRIAL DATES; AND (2) ISSUING AMENDED SCHEDULING ORDER**<br><br>[ECF Nos. 14, 17] |

      Before the Court is the parties' Joint Motion for Order Continuing Certain Pretrial Dates (ECF No. 17). A Status Conference regarding the parties' joint motion was held on November 6, 2017. (ECF No. 19.) The Court hereby **GRANTS in part and DENIES in part** the parties joint motion. The July 7, 2017 Scheduling Order (ECF No. 14) is hereby amended as follows:

      1.     Counsel[1] shall refer to the Judge Bencivengo's Chambers Rules for Civil Cases, which is accessible via the Court's website at www.casd.uscourts.gov.

      2.     Each party shall serve on all other parties a list of experts whom that party expects to call at trial on or before **November 27, 2017**. On or before **January 8, 2018**,

---

[1] As used herein, references to "counsel" include any party representing himself or herself.

any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject. Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

3. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **November 27, 2017**. Any contradictory or rebuttal information shall be disclosed on or before **January 8, 2018**. In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

4. All discovery, including expert discovery, shall be completed by all parties by **February 2, 2018**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by

the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.  **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).**  The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.  If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules.  **A failure to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

Discovery motions must be filed in the time and manner directed by Magistrate Judge Burkhardt (*see* Judge Burkhardt's Civil Chambers Rules on Discovery Disputes available on the Court's website).  All discovery motions must be filed within 30 days of the service of an objection, answer, or response which becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute **and** complied with Section IV.B. of Judge Burkhardt's Civil Chambers Rules.

5. All pre-trial motions, including *Daubert* motions but excluding motions to amend or join parties or motions *in limine*, shall be filed on or before **March 2, 2018**.  Counsel for the moving party shall set the motion date on the date that is 35 days from the date the motion is filed.  Parties intending to file a motion shall *not* contact Judge Bencivengo's chambers for a hearing date.  The parties should review Judge Bencivengo's chambers rules for civil cases for the additional requirements for noticed motions before Judge Bencivengo.

Pursuant to Local Rule 7.1.f.3.c, **if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.**  Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1.e.2 or

otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1.f.3.c.

6. A Mandatory Settlement Conference shall be conducted on **January 30, 2018**, at **1:45 PM** in the chambers of **Magistrate Judge Jill L. Burkhardt**. Counsel shall lodge confidential settlement briefs directly to chambers by **January 22, 2018**. All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

The **confidential** settlement statements should be lodged by e-mail to efile_Burkhardt@casd.uscourts.gov. Each party's settlement statement shall concisely set forth the following: (1) the party's statement of the case; (2) the controlling legal issues; (3) issues of liability and damages; (4) the party's settlement position, including the last offer or demand made by that party; (5) a separate statement of the offer or demand the party is prepared to make at the settlement conference; and (6) a **list of all attorney and non-attorney conference attendees** for that side, including the name(s) and title(s)/position(s) of the party/party representative(s) who will attend and have settlement authority at the conference. If exhibits are attached and the total submission amounts to more than 20 pages, a hard copy must also be delivered directly to Magistrate Judge Burkhardt's chambers. **Settlement conference statements shall not be filed with the Clerk of the Court. Settlement conference statements may be exchanged confidentially with opposing counsel within the parties' discretion.**

Pursuant to Civil Local Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[2] to negotiate and enter into a binding

---

[2] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-97 (8th Cir. 2001).

settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. In the case of an entity, an authorized representative of the entity who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

7. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **May 11, 2018**. **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

8. In jury trial cases before the Honorable Cathy Ann Bencivengo, neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1.f.2.

9. Counsel shall confer and take the action required by Local Rule 16.1.f.4.a on or before **May 18, 2018**. The parties shall meet and confer and prepare a proposed pretrial order containing the following:

> 1. A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.
> 2. A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable]. For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint [and/or Counterclaim] which is not listed shall be dismissed with prejudice.
> 3(a). A list of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

3(b). A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

3(c). A list of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

4(a). A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit. All exhibits are to be identified numerically, plaintiff starting with "1" and defendant beginning with an agreed upon numerical designation.

4(b). A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

5. A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury.

6. A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.

7. Counsel will note any objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The court will entertain any questions concerning the conduct of the trial at the pretrial conference.

11. Counsel for the Plaintiff(s) must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **May 25, 2018**. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

12. The proposed pretrial order shall be lodged with the district judge's chambers on or before **June 1, 2018**, and shall be in the form prescribed in Local Rule 16.1.f.6.

13. The final Pretrial Conference is scheduled on the calendar of the **Honorable Cathy Ann Bencivengo** for **June 8, 2018**, at **2:00 PM**.

14. The trial in this matter shall commence on Monday, **July 9, 2018**, at **8:45 a.m.**

15. Plaintiff's counsel shall serve a copy of this order on all parties that enter this

6
17-cv-928 CAB (JLB)

case hereafter.

16. This order does not modify any other deadlines or requirements set forth in the July 17, 2017 Scheduling Order (ECF No. 14).

**IT IS SO ORDERED.**

Dated: November 6, 2017

_Jill Burkhardt_
Hon. Jill L. Burkhardt
United States Magistrate Judge