UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REEM MOHAMED,<br><br>        Plaintiff,<br><br>v.<br><br>SEA WORLD, LLC, et al.,<br><br>        Defendants. | Case No.: 17-cv-928 CAB (JLB)<br><br>**ORDER GRANTING JOINT MOTION AND ENTERING STIPULATED PROTECTIVE ORDER**<br><br>**[ECF No. 24]** |

  Plaintiff Reem Mohamed and Defendant Sea World LLC ("the parties"), by and through their respective counsel of record, have filed a Joint Motion and Stipulation for a Protective Order. (ECF No. 24.) The Court hereby **GRANTS** the parties' Joint Motion and enters the parties' stipulated protective order which the Court has modified to eliminate duplicate paragraph numbers (see new numbering of paragraphs 3A, 3B, 4A, 4B, formerly 3, 2, 3, 4) as follows:

  1. Plaintiff propounded a request for production of documents to Defendant seeking, among other things, copies of design drawings for the water cannons located at Defendant's "Journey to Atlantis" water rollercoaster ("the subject water cannons"); Defendant's procedures for inspection and maintenance of the subject water cannons; and operation, repair, and service manuals for the subject water cannons.

1

2. The documents sought by Plaintiff as described in paragraph 1 constitute and contain information that is confidential and proprietary to Defendant. Defendant is willing to produce the materials pursuant to an appropriate protective order, as indicated in its written responses to Plaintiff's requests.

3A. The following procedures shall apply to the documents specifically identified herein, and to any other documents for which Defendant asserts is confidential and proprietary, and copies thereof as are reasonably necessary for trial preparation (the "Protected Materials"):

a) Installation and Commissioning Water Effects and Show Action Systems Proposal by Advanced Entertainment Technology ("AET") dated February 17, 2003
b) WFX Design Status Report by AET dated March 27, 2003
c) Email chain re: Water Cannon between Byron Bauer & Greg Gourley between April 21, 2003, and April 23, 2003
d) Water Cannon and Coin Operation Box Detail by AET
e) 50% Design Review Minutes by AET dated July 10, 2003
f) Effects Facility Interface by AET dated July 10, 2003
g) Email from Bryon Bauer to James Dee re: Water FX pad elevations dated November 18, 2003
h) Pre-Installation Site Meeting Minutes dated November 18, 2003
i) Advanced Entertainment Technology Journey to Atlantis Water Cannons Operations and Maintenance Manual

3B. Any Protected Materials obtained by any party to this action pursuant to discovery in this action may be used only for purposes of this action and not for any business or other purpose whatsoever, and not for any other litigation. Plaintiff's counsel shall not disclose the Protected Materials to any person, including but not limited to Plaintiff, except in accordance with the terms of this Protective Order. Plaintiff's counsel, his staff and his experts shall not, under any circumstances, sell, offer for sale, advertise,

or otherwise publicize either the contents of the Protected Materials, or communicate the fact that they have obtained the Protected Materials from Defendant except in accordance with the terms of this Order.

4A. Defendant may designate any document or tangible thing confidential and part of the Protected Materials by prominently displaying the designation: "Confidential: For Counsel's Eyes Only" on the document or thing itself.

4B. Claims of confidentiality as to documents made available to a party for inspection and copying shall be made before such documents are made available for inspection and copying, or after designation for copying by Plaintiff's counsel but prior to production of the requested copy.

5. All Protected Materials that are designated by Defendant as containing or comprising confidential information shall be produced to Plaintiff's counsel and shall not be disclosed to anyone except that any such Protected Materials may be:

a) Furnished and disclosed by counsel of a receiving party to experts to assist in the preparation of this litigation for trial. Prior to disclosing the Protected Materials to any such expert, a receiving party shall have such expert acknowledge in writing that he or she is fully familiar with the terms of this Order, agrees to comply with and be bound by this Order until modified by a further Order of the Court, and consents to the jurisdiction of the Court for purposes of enforcing this Order in a form such as that attached as **Exhibit A** hereto.

b) Viewed by regular employees of Plaintiff's counsel, assigned to and necessary to assist Plaintiff's counsel in the preparation of trial and pretrial discovery in this case.

6. Plaintiff's counsel shall keep records of all copies of all Protected Materials made and/or distributed, in whole or in part, or any excerpts thereof to persons authorized in paragraph 5. Any copies so distributed shall be returned to the Plaintiff's counsel

3

immediately upon the completion of the purpose for which the person was retained in this case.

7. Nothing in this Protective Order shall bar or otherwise restrict Plaintiff's counsel from rendering advice to his client with respect to this action, and in the course thereof, from generally referring to or relying upon his examination of documents or information produced in this action.

8. Defendant will use reasonable care to avoid designating any documents or information as confidential which contains information generally available to the public which is in fact not confidential.

9. Failure by Plaintiff to expressly challenge a claim of confidentiality shall not be deemed an admission that the same is in fact confidential. If a party objects to any claim of confidentiality, counsel shall first make a good faith effort to resolve any challenge of confidentiality. If counsel for the parties are unable to resolve any challenge of confidentiality, the parties shall brief the issue to the Court for resolution, with the party claiming confidentiality bearing the burden of proof by preponderance of evidence.

10. This Protective Order shall not limit a party's right to: (a) Seek modification of the Protective Order from the Court or the opposing party, or (b) To object to or otherwise oppose production or admission of any document or information on grounds other than its confidentiality.

11. The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

12. Without separate Court Order, this Protective Order and the parties' stipulation do not change, amend, or circumvent any court rule or local rule.

13. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If the application to file under

seal a document designated as confidential is being made by the non-designating party, then, upon request, the designating party must promptly provide the applicant with a legal basis for the confidential designation to include within the application. If opposing counsel, or the person or entity that has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed. If an application to file a document under seal is filed, a redacted version of the document(s) shall be e-filed contemporaneously with the application to file under seal. A courtesy copy of the unredacted document(s) shall be delivered to Judge Burkhardt's Chambers.

14. Upon termination of this litigation whether by final judgment after appeal or by settlement, Plaintiff shall return to Defendant's counsel of record all Protected Materials and all copies he has made, including copies sent to experts.

15. Absent an *ex parte* motion made within 10 calendar days of the termination of the case, the parties understand that the Court will destroy any confidential documents in its possession.

16. It is expressly understood and agreed that any person who violates the terms and conditions of this Protective Order consents to the jurisdiction of this Court and may be subject to sanctions in the event of unauthorized use.

**IT IS SO STIPULATED.**

                                                Respectfully submitted,

Dated: January 11, 2018        **BENDER & GRITZ**

                                  By:   *s / William E. Bender*
                                         WILLIAM E. BENDER
                                         MICHAEL B. SAYER
                                         Attorneys for Plaintiff

| | | |
|---|---|---|
| Dated: January 11, 2018 | | **MISSION LEGAL CENTER, P.C.** |
| | By: | *s / David J. Munoz* |
| | | DAVID J. MUNOZ |
| | | Attorneys for Plaintiff |
| Dated: January 11, 2018 | | **INTERNATIONAL PRACTICE GROUP, A PROFESSIONAL CORPORATION** |
| | By: | *s / Guillermo Marrero* |
| | | GUILLERMO MARRERO |
| | | CHELSEA YAMABE |
| | | Attorneys for Defendant |

Dated: January 18, 2018

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge

# EXHIBIT A
## **WRITTEN ASSURANCE AND CONSENT TO BE BOUND**

I hereby acknowledge and affirm that I have read the terms and conditions of the Stipulated Protective Order entered in ***Mohamed v. Sea World LLC***, Case No. 17-cv-00928-CAB (JLB). I understand the terms of the Order and under oath consent to be bound by the terms of the Order as a condition to being provided access to the Protected Materials or information derived therefrom.

Further, by executing this Written Assurance, I hereby consent to the jurisdiction of the above-captioned Court for the special and limited purpose of enforcing the terms of the Order.

I also agree, pursuant to the terms of the Order to return all Protected Materials, including copies thereof to Plaintiff's counsel or Defendant's counsel, at the conclusion of this litigation so they may be returned to the party that produced them.

I recognize that all civil remedies for breach of this Written Assurance are specifically reserved by the parties to the litigation and are not waived by the disclosure provided for herein. Further, in the event the breach of the Written Assurance, I recognize that parties to this litigation may pursue all civil remedies available to them as third-party beneficiaries of the Written Assurance.

Dated:_____      _____
                             Signature

                             _____
                             Printed Name

                             _____
                             Firm